ARTCRAFT ROOFING CO. for use of THE RIVERSIDE LUMBER CO. v. C. W. HENDERSON.

Eastern Section.    April 30, 1927.

Petition for Certiorari denied by Supreme Court, January 21, 1928.

1. **Principal and agent. Evidence. Lumber company having a subsidiary company for the purpose of selling roofing held bound by its agreement.**
    Where the defendant roofing company had arranged with another party to sell its roofing, that party doing business under a trade name, the agreement being that the roofing company was to obtain contracts and endorse them to the lumber company, held that the lumber company was bound by a contract made by the individual under the name of the roofing company.

2. **Contracts.** Plaintiff held entitled to recover on basis of quantum meruit.
Where a roofing company sold a roof and agreed to give a written guaranty and failed to do so, held that the company should be allowed to recover the value of the roof, less the value of the guaranty.

3. **Courts. Jurisdiction. Contracts.** Courts held to have jurisdiction to render judgment on guaranty contracted for.
Where the plaintiff company sold roofing and its agent contracted to give a written guaranty against defect in material and workmanship for ten years and the plaintiff refused to give the written guaranty, held that the court had jurisdiction to enter a judgment in favor of the defendant for the guaranty and to render judgment in favor of the plaintiff for the purchase price.

Appeal from Circuit Court, Knox County; Hon. A. C. Grimm, Judge.

Modified.

White & Leonard, of Knoxville, for appellant.

A. E. Mitchell, of Knoxville, for appellee.

HEISKELL, J. This suit was brought by plaintiff before a justice of the peace for Knox county, to recover "in plea of debt due by account in the sum of $200 for roofing a house."

Judgment was rendered against the defendant for the amount sued for and appeal taken to the circuit court.

The cause was tried there without the intervention of a jury, when the suit was dismissed by the Circuit Judge, on the ground "that the Riverside Lumber Company is bound to execute and deliver to the said defendant, C. W. Henderson, its written guarantee of the roof in question against defects in material and against defects in workmanship for a period of ten years from the date of the completion thereof, as a condition precedent to its right to maintain a suit therefor."

Motion for new trial was made, errors assigned and overruled by Circuit Judge, and appeal prayed and perfected to this court.

The assignments of error in this court are as follows:

1. There is no evidence to support the judgment of the Circuit Judge.

2. The court erred in finding that Riverside Lumber Co. must execute a guaranty of any kind as condition precedent to recovery.

3. The court erred in holding that the original contract provided that the Riverside Lumber Co. should execute any warrantee.

In July, 1925, H. K. Mooney was doing business in Knoxville, Tennessee, under the name and style of the Artcraft Roofing Company. This was a trade name only and Mooney had no assets and no office. He secured a written order from C. W. Henderson for a roof on a house at Ebenezer. Henderson says this written order did

not contain all the terms of the contract in regard to the said roofing. Mooney says:

"At the time of making this contract I told Mr. Henderson that Bird & Sons guaranteed this roof for ten years as to material and that I bought this roofing from Riverside Lumber Company, who was also back of this roofing;"

and "that I would guarantee the roofing as to material and workmanship for a period of ten years."

Henderson says:

"Mr. Mooney came to me and wanted to sell me a roof . . . and told me that the Riverside Lumber Company . . . would guarantee the roof that he put on for a period of ten years against defective material and workmanship." . . . "I bought this roof on agreement that the Riverside Lumber Company would warrant the roof for ten years against defective material and workmanship."

On August 17, 1925, Henderson wrote to the Riverside Lumber Company as follows:

"Gentlemen:

"Referring to the attached notice from the Artcraft Roofing Company, I am ready to pay this bill any time that I can be supplied with the ten years written guaranty under which this bill was bought."

Mooney says that when Henderson received the bill for the work he called on him for the guaranty of the Riverside Lumber Co., and then says:

"We went to the office of the Riverside Lumber Company and Mr. Henderson told Mr. Picklesimer that this roof was sold to him on the representation that the Riverside Lumber Company would guarantee it against defects in material and workmanship for a period of ten years."

Mooney did not object to this claim of Henderson. On the contrary he says:

"We talked a little further and when Mr. Henderson and I had left Picklesimer's office and gone into the hall, I did tell Mr. Henderson they had 'welched' on or laid down on me."

And Henderson says:

"After we went out into the hall I said to Mr. Mooney: 'Now what have you got to say?' Mr. Mooney said they had laid down on him."

Picklesimer, representative of the Riverside Lumber Company, says:

"Mr. Henderson and Mr. Mooney came to the office about these matters of differences and Mr. Henderson then claimed that Mr. Mooney had represented to him that the Riverside Lumber Company would guarantee the roof for ten years."

This testimony as to what took place at the office of the Riverside Lumber Company shows beyond question that Mooney, at the time he made the contract to do the work, told Henderson that the Riverside Lumber Company would give a ten year guaranty on the material and work. The only question in the case then is whether or not the Riverside Lumber Company is bound by that agreement of Mooney.

On September 25, 1925, Henderson signed the following statement:

"This to advise that the roof I ordered applied on property located on Popejoy house—Ebenezer, Tenn., has been applied in apparently a satisfactory manner."

After this Mooney says:

"I took his contract together with the acceptance and assigned the contract to the Riverside Lumber Company, and took credit on my account with them for the amount."

The Riverside Lumber Company claims to be an innocent holder for value of this contract, but it is clear from the evidence that at least five weeks before the assignment to it the Lumber Company knew of this claim of Henderson.

It may well be contended, on another ground, that the Lumber Company is bound. It is evident from the proof in the case that the Artcraft Roofing Company is merely a branch of the business of the Riverside Lumber Company. W. H. Picklesimer testified as follows:

"I am general manager of the Riverside Lumber Company. The Riverside Lumber Company is the local agent for the Artcraft Roofing manufactured by Bird & Son, one of the most reliable roofing manufacturers of the country. The manufacturers have a plan of pushing the sale of their roofing by getting some one or more parties to sell and put on the roofing known in the trade as Artcraft roofing, and the parties taking orders and putting on the roofing buy this roofing through the Riverside Lumber Company as local agents. When the man in charge of this business before Mr. Mooney quit and left the city, I procured Mr. H. K. Mooney to take over the business and carry it on under the same arrangements. We sell Mr. Mooney the materials after we have investigated the credit of the owner of the property, or the title to the property, and deliver the materials on the property to be used. When the roof has been completed and accepted by the owner, these contracts are assigned to the Riverside Lumber Co. and we credit them on the account of Mr. Mooney, or the Artcraft Roofing Co. and pay him the difference between his account with us and the amount of the contract."

W. R. Murphy, the bookkeeper and assistant treasurer of the plaintiff, says:

"We refused to sell Mooney anything until we passed on the orders and had our attorneys examine title for encumbrances; we did not risk anything from Mr. Mooney as his guarantee is not worth anything, he has no property; The Artcraft Roofing Company is only a name; it has no assets; we sell Dunn & Son, or A. J. Stair, or any of the contractors here in the city without passing on the title to property, where they use the roof or pass on the credit of the man they are dealing with. We selected Mr. Mooney to carry on this business, and we had the right to put him out of this business, and when our misunderstanding came up we put Mooney out of this business and put another fellow in, and he is now engaged in this business under the same name; Mr. Mooney could not sell any other roof; we would not fill his orders until we had passed on all these things; we did not credit Mr. Mooney for anything; he could not assign these contracts to anyone, we would refuse to deliver the roofing, if he did."

In short, the Riverside Lumber Company controls the Artcraft Roofing and the Artcraft Roofing Company. The Lumber Company assumed the right to discharge Mooney and put some one in his place to operate the Roofing Company. The Lumber Company would not furnish any other roofing to this Roofing Company and Mooney could not assign contracts to any one else than the Lumber Company.

The trial court was justified in finding that the agreement of Mooney that the plaintiff would give the ten year guaranty was within the scope of his authority, and binding upon the Lumber Company.

If the Lumber Company be considered as assignee, it can stand in no better position than its assignor, since it had notice, before the assignment, of the claim of the defendant.

It is contended, however, for the Lumber Company that even if it is bound by the contract to guarantee the roof, that it can recover in this suit the amount sued for, less the value of the guaranty and that as no damage has been proven the amount sued for can be recovered. Three cases are cited to support this contention. Porter v. Woods, 3 Hum., 56; Bush v. Jones, 2 Tenn. Chy., 190; Elliott v. Wilkerson, 8 Yer., 411.

These are cases in which there was a delivery of part of the goods sold, or part performance of the contract, or a failure to carry out the contract according to its terms, but in all of which the purchaser or party who was to pay, received valuable goods or material and the court held he should pay on the basis of a quantum meruit. While the present case is in same respects different from the cases relied on for appellant, yet the principle of those cases must control. The defendant has received, no doubt, a good and valuable roof. It is

so far at least, the very roof contracted for. If it lasts ten years, the defendant has no complaint. We agree with the trial court that the Riverside Lumber Company is bound by the promise of H. K. Mooney, that the Lumber Company would give the ten year guaranty, and we see no good reason why the company should refuse to do this, but the defendant has the roof; it cannot be returned, and it is, no doubt, worth the full price agreed to be paid. It is not in consonance with the rule laid down in the cases cited for appellant, supra, to allow the defendant to retain the valuable roof without paying for it, yet we think he should have the benefit of the guaranty promised. We hold the appellant bound by the ten year guaranty of the material and construction of the roof and this may be entered as a part of the judgment of the court and thereupon judgment will go in favor of the appellant for the contract price of the roof, but without interest, and inasmuch as the suit was brought about by the failure of the appellant to comply with its contract in regard to the guaranty, the appellant will be charged with the costs.

The law seeks to avoid a multiplicity of suits. There is no good reason to be given why this suit should be dismissed leaving the probability of future litigation, when the whole matter can be justly settled in this case by giving each party all they are entitled to. The judgment of the court gives the defendant all the protection of a written guaranty and this leaves no pretext for a refusal of defendant to pay for what he received and leaves no reason for the court to refuse to allow the plaintiff to collect. At the same time the denial to plaintiff of interest and costs gives the defendant all he could have obtained if he had paid according to contract upon the delivery to him of a ten year guaranty. Judgment will be for costs of appeal against appellant and its surety on the appeal bond.

Owen and Senter, JJ., concur.